UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD L. LARSON,

      Petitioner,

v.                                                                Case No. 08-C-0318

WILLIAM POLLARD, Warden,

      Respondent.

**ORDER ON RULE 4 REVIEW OF HABEAS PETITION**

On April 16, 2008, the petitioner, Gerald L. Larson ("Larson"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition and the written submissions accompanying the petition demonstrate that on March 1, 2005, Larson was convicted of first degree sexual assault of a child, in violation of Wis. Stats. § 948.02(1), as a persistent repeater, in violation of Wis. Stats. § 939.62(2m)(b)2. He was sentenced to serve life in prison, without parole. Larson filed a postconviction motion for relief on January 20, 2006. But that motion was denied on March 21, 2006.

On December 20, 2006, the Wisconsin Court of Appeals affirmed Larson's conviction and the circuit court's denial of Larson's motion for postconviction relief. On April 17, 2007, the Wisconsin Supreme Court denied Larson's petition for review.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As stated previously, Larson was convicted on March 1, 2005. He did not file his motion for postconviction relief until January 20, 2006. From that point on, it appears that Larson pursued his available appellate remedies, until the Wisconsin Supreme Court denied his petition for review on April 17, 2007. However, it was not until April 16, 2008, that Larson filed his federal habeas corpus petition.

Given the passage of time between March 1, 2005 and January 20, 2006, and then from April 17, 2007 until April 16, 2008, the court is concerned that Larson's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Larson's petition, it will order the parties to submit briefs addressing only the issue of timeliness.

**NOW THEREFORE IT IS ORDERED** that the respondent submit a brief addressing the timeliness of Larson's habeas petition on or before May 30, 2008;

**IT IS FURTHER ORDERED** that Larson file a brief in response to the respondent's brief on or before June 30, 2008.

**SO ORDERED** this 21st day of April 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge