# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GERALD L. LARSON,

        Petitioner,

v.                                                             Case No. 08-CV-318

WILLIAM POLLARD,

        Respondent.

_____

## ORDER

On April 16, 2008, petitioner Gerald L. Larson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Winnebago County Circuit Court, Larson was conviction of first degree sexual assault of a child as a persistent repeater and was sentenced to serve life in prison, without parole. Larson is currently confined at Green Bay Correctional Institution.

In an order dated April 21, 2008, U.S. Magistrate Judge William E. Callahan, Jr. reviewed Larson's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases and ordered the parties to file briefs addressing the timeliness of Larson's petition. On May 30, 2008, the respondent filed a brief stating that Larson's petition was timely filed. Therefore, the court concludes Larson filed his petition within the one-year limitation period mandated by 28 U.S.C. § 2244(d).

The court continues its Rule 4 review by examining Larson's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears from the face of Larson's federal habeas petition he has exhausted his state remedies. Larson claims in his petition that the trial court erred when it admitted into evidence testimony and photographs that Larson alleges constitute unfairly prejudicial "other acts" evidence. It appears Larson presented

these claims to the Wisconsin Court of Appeals and the Wisconsin Supreme Court for a ruling on the merits.

The court next reviews Larson's petition under Rule 4 to determine whether his claim has been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). In the event a federal habeas petition contains a constitutional claim which was procedurally defaulted for any reason, the district court may still review the claim, but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Id.* at 999.

Here, it appears Larson's claims are not procedurally defaulted because the Wisconsin Court of Appeals addressed and denied his claims on the merits and discretionary review was sought in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Larson's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Larson's claims are frivolous or speculative, the court will direct the respondent to file an answer to the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge