UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

GERALD C. LARSON,

        Petitioner,

v.                                              Case No. 08-CV-318

WILLIAM POLLARD,

        Respondent.
_____

## ORDER

On April 16, 2008, Gerald C. Larson ("Larson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 Wisconsin state conviction for sexual assault of a child. Liberally construing his petition, Larson raises three grounds for relief:[1] (1) that the conduct of the Winnebago County district attorney's office during his trial violated Larson's due process rights; (2) that Larson's right to a fair trial was violated when the trial court improperly admitted into evidence testimony and photographs of Larson's prior sexual acts; and (3) that his conviction was based on an unreasonable determination of the facts because the car in which the assault was said to have occurred did not have an engine. Before proceeding to the merits of Larson's petition, the court addresses Larson's motions for leave to proceed *in forma pauperis* and to appoint counsel.

---

[1] Although Larson lists four separate grounds for relief, the court finds that grounds two and three of Larson's petition present the same issue.

The court denies Larson's motion to proceed *in forma pauperis*. Larson provides no information on his ability to pay the nominal $5.00 filing fee. Moreover, Larson has already paid the filing fee.

The court now turns to Larson's motion to appoint counsel. Habeas petitioners have no constitutional or statutory right to appointed counsel. *See Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). The court has discretion, however, to request that an attorney represent an indigent litigant in certain circumstances. *See* 28 U.S.C. § 1915(e). Before the court will entertain a motion to appoint counsel, the party seeking the appointment of counsel must demonstrate that he or she has made a reasonable attempt to secure counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If this initial threshold is met, the court must then determine whether, given the difficulty of the case, the party seeking appointed counsel appears competent to litigate without counsel. *See id.* at 654-55. It appears that Larson has made efforts to secure counsel. With his motion, Larson includes letters from various organizations refusing to represent him, including the Wisconsin Innocence Project. In further support of his motion, Larson claims he is deep in debt, dyslexic, and that he does not know and understand the court's procedures or the law. However, upon review of the relatively straightforward factual and legal issues presented in this case, and the multiple filings Larson has made in support of his position, the court declines to appoint counsel. While a licensed practitioner of the law may have presented Larson's case more effectively, the

difficulty of this case has not exceeded Larson's demonstrated capacity to present his claims. *See id.* at 655. The court now turns to the merits of Larson's habeas petition.

## BACKGROUND

In his habeas petition, Larson does not dispute the underlying facts which led to his conviction. Larson was charged in Winnebago County Circuit Court with first degree sexual assault of a child as a repeat offender in violation of Wis. Stat. §§ 948.02(1), and 939.62(2m)(b)(2). The charge stemmed from an incident in which Larson was alleged to have touched a ten-year-old girl as she sat next to him in his car. (Court of Appeals Decision, December 20, 2006, ¶ 2, Docket #1). At trial, the prosecution sought to introduce evidence of Larson's prior acts to show Larson's intent was for sexual gratification, and his plan was to assault the victim in the case. (Transcript, June 4, 2004, Answer Ex. 207-10, Docket #29). Specifically, the prosecution sought to introduce facts relating to several uncharged sexual assaults on the victim's older sister, who was twelve or thirteen at the time, as well as evidence of a prior sexual assault of a child in Door County, Wisconsin, which occurred between 1990 and 1992, and for which Larson was convicted of second degree sexual assault. (Motion, May 3, 2004, Answer Ex. 132-44, Docket #29).

After considering the state's motion to introduce the evidence, the state circuit court judge allowed the evidence to come in, but did not allow the witnesses to mention that Larson had been convicted of sexual assault in the Door County

-3-

incident, or that Larson had forcibly assaulted his past victims. (Transcript, July 20, 2004, Answer Ex. 227-36, Docket #30). During pretrial proceedings, the prosecutor made various statements relating to the exact form of the evidence she would seek to introduce at trial. (Resp't Opp'n Br. 2 n.1, Docket #38). In the end, the victim's older sister, and the Door County assault victim, testified about their past sexual encounters with Larson. Additionally, the prosecution was allowed to present to the jury a slide show of 512 images, depicting Larson engaged in sex acts with the victim's sister. The victim of the sexual assault for which Larson was charged also testified at the trial. She testified that the assault took place in a blue car, but was unable to pinpoint the exact date of the assault. Larson's main defense came from several of his acquaintances, who testified that Larson was replacing the engine in his blue Oldsmobile Tornado around the same time the assault allegedly occurred. Apparently, Larson hoped to impeach the victim's testimony by showing that the blue car, in which the victim claimed Larson assaulted her, did not have an engine at the time of the assault. (Appellate Brs., Answer Ex. 105-10, 167-69, Docket #29).

The jury found Larson guilty of first degree sexual assault as a repeat offender. After the verdict, Larson moved for a new trial, arguing that the evidence of Larson's previous sexual encounters with children should not have been admitted into evidence. The circuit court denied Larson's post-conviction motion, and sentenced Larson to life imprisonment without the possibility of parole. On appeal,

the Wisconsin Court of Appeals affirmed Larson's conviction. (Court of Appeals Decision, December 20, 2006, Docket #1).

In considering the circuit court's admission of the two prior victims' testimony, the Wisconsin Court of Appeals held that the circuit court had properly exercised its discretion by weighing the probative value of their testimony against the danger of unfair prejudice to Larson. (Court of Appeals Decision, December 20, 2006, ¶ 9, Docket #1). In considering the circuit court's admission of the photographs, the court of appeals held that the circuit court had erred because it did not review the photographs *in camera* before allowing the jury to view them. (Court of Appeals Decision, December 20, 2006, ¶¶ 9-10, Docket #1). However, the court of appeals held that the circuit court's error was harmless because the photographs only corroborated the testimony of the victim's older sister. The court of appeals also considered the impact of the photographs on the jury to be "minimal," in part because the jury was not allowed to handle them or take them into deliberations, and because the other evidence in the case was unequivocal and solid. (Court of Appeals Decision, December 20, 2006, ¶¶ 11-12, Docket #1). Larson appealed to the Wisconsin Supreme Court, which denied review on April 17, 2007. (Answer Ex. 29, Docket #28).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the court's authority to issue writs of habeas corpus. Under

AEDPA, when a constitutional claim is adjudicated on the merits by a state court, a federal court may only grant habeas relief if the state court's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Therefore, a court reviewing a habeas petition must evaluate the reasonableness of the state court's decision, and not merely whether the state court decision was incorrect or erroneous in its result. *See Williams v. Taylor*, 529 U.S. 362, 410-12 (2000). All factual determinations of the state court are presumed correct unless the petitioner rebuts such determinations by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Before a federal court may address the merits of a habeas petition, the petitioner must fairly present his or her federal claims in state court. *See Baldwin v. Reese*, 541 U.S. 27, 29, 32 (2004) (holding a "prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . in order to find material" that alerts it to the presence of a federal claim).

Larson's many filings with the court, although sometimes colorful,[2] never explicitly set forth any legal basis for granting his petition. First, Larson claims that the prosecution acted improperly by changing its mind as to the evidence it would use at trial. When liberally construed, Larson's petition also alleges that his state trial was unfair because the state circuit court improperly admitted evidence of

---

[2] For example, Larson filed a motion requesting that the court and the Attorney General locate and view the film *Twelve Angry Men* (1957).

-6-

Larson's past sexual encounters with young girls. This evidence came in the form of the testimony of two women who claimed to have been sexually assaulted by Larson in the past, and the presentation of the sexually explicit slide show. Larson's petition also could be read to argue his conviction was based on an unreasonable determination of the facts in light of the victim's testimony and the status of Larson's blue car at the time of the incident.

In response to Larson's petition, the Wisconsin Attorney General asserts that Larson has not presented any claim for federal habeas relief. First, the Attorney General claims that the prosecutor's decisions about what evidence to introduce did not violate any federal law. Next, the Attorney General argues that Larson's claims regarding the admission of evidence of Larson's prior conduct involve questions of state law only, and were resolved by Wisconsin state courts. Therefore, the Attorney General claims, Larson again does not raise any issue of federal law. Finally, the Attorney General argues that Larson's defense that his blue car was engineless at the time the crime was alleged to have occurred was an alternative factual narrative that the jury reasonably weighed, and dismissed in favor of other evidence showing Larson's guilt.

### 1. Prosecutorial Misconduct

On Larson's first ground, the court finds no basis to grant federal habeas relief. While a prosecutor's misconduct during a trial may cause a constitutional infirmity in limited circumstances, Larson's claim does not rise to such a level. In a

habeas petition alleging prosecutorial misconduct, due process concerns only arise where the misconduct had an effect on the fairness of the trial. *See Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor"). Here, the prosecutor is not alleged to have withheld any information from Larson, and the prosecutor motioned the court before seeking to admit evidence of Larson's prior sexual acts with children. Moreover, Larson never presented this claim in state court on appeal and, therefore, he did not exhaust his available state remedies. *See Baldwin*, 541 U.S. at 29 (interpreting 28 U.S.C. § 2254(b)(1)).

**2.   Due Process**

On Larson's second ground for relief, which Larson refers to in his petition as grounds two and three, the court is also obliged to deny Larson's petition. Larson's claim that his trial was unfair due to the erroneous admission of testimony and photographs showing Larson's prior conduct could be considered a claim under the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause prohibits the introduction of evidence that is "so extremely unfair that its admission violates fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)) (internal quotation marks omitted). However, the Supreme Court has been clear that this "fundamental fairness" strand of the Due

-8-

Process Clause is very limited. *See id.* at 352 ("Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."). Therefore, fundamental conceptions of justice are only those "at the base of our civil and political institutions, . . . and which define the community's sense of fair play and decency." *Id.* at 353 (internal citations and quotation marks omitted); *see also Herrera v. Collins*, 506 U.S. 390, 407-08 (1993) (holding that a state criminal procedure is lacking only if it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental"). The Supreme Court has suggested that severely prejudicial evidentiary errors, including the admission of inflammatory and irrelevant evidence upon which a jury relies, could violate due process. *See Estelle v. McGuire*, 502 U.S. 62, 71-75 (1991).

In this case, the state circuit court's admission of testimony from two of Larson's alleged prior victims, and the admission of the sexually explicit slide show, together could at least raise suspicion about the fairness of Larson's trial. However, the court is constrained by the Supreme Court's decision in *Duncan v. Henry*, 513 U.S. 364 (1995). In *Duncan*, a defendant charged with sexual molestation of a child objected to the testimony of a father who claimed his son had been molested by the defendant 20 years earlier. *Id.* at 364. After his conviction, the defendant exhausted his appeals in state court, and then brought a habeas petition in federal court. *Id.* at 364-65. However, in his state court appeals, the defendant claimed that the trial court erroneously applied state evidentiary rules and that the error was a violation

-9-

of the state constitution. *Id.* The Supreme Court found that the defendant had not exhausted his state law remedies, holding that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* at 366. Here, Larson appealed his conviction based solely on Wisconsin's evidentiary rules governing the admissibility of prior acts. Larson's appellate brief cites Wisconsin state statute and Wisconsin case law exclusively, and the Wisconsin Court of Appeals addressed Larson's appeal on the basis of Wisconsin law only. The court finds that Larson never presented his claim that the admission of evidence in his case violated his due process rights. As a result, Larson is foreclosed from doing so now.

Having no basis in federal law on which to proceed, the court declines to address whether the admission of evidence of Larson's prior acts was so extremely prejudicial that it denied Larson due process. While the court may not agree with the state circuit court's evidentiary rulings, especially its admission of the lengthy slide show depicting sex acts with another child, federal courts are not the final arbiters of state evidentiary rules. *See Mason v. Hanks*, 97 F.3d 887, 902 (7th Cir. 1996).

### 3.  **Sufficiency of Evidence**

Finally, the court addresses Larson's claim that the jury's verdict constituted an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d)(2). Once again, Larson did not raise this argument before

the state court. Larson's post-conviction appeals were limited to the evidentiary issues discussed above. Therefore, Larson has not exhausted his state court remedies, as required under 28 U.S.C. § 2254(b)(1). However, even if Larson had exhausted this claim in state court proceedings, the court considers the jury's verdict in Larson's case to have been reasonable. Under Wisconsin law in effect at the time, a person commits first degree sexual assault if he has sexual contact or sexual intercourse with a person who has not attained the age of 13. Wis. Stat. § 948.02(1) (2002). To be considered a repeat offender, a defendant must have a previous conviction for a serious child sex offense. Wis. Stat § 939.62(2m)(b)(2) (2002). Here, the ten-year-old victim testified at trial that Larson repeatedly touched her in a sexual manner while Larson drove her around in his blue car. The prosecution presented evidence of Larson's past sexual encounters with children to demonstrate that Larson intended his contact with the victim to be for his own sexual gratification. Larson does not dispute that he had a previous conviction for sexually assaulting a child in Door County. Larson presented testimony in his defense regarding the status of his blue car, which was meant to undercut the victim's testimony on the details of the alleged assault. In the end, the jury chose to believe the victim over Larson and his witnesses. The court cannot say the jury acted unreasonably in finding, beyond a reasonable doubt, the existence of every element of the offense with which Larson was charged. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979).

Having found that Larson is not entitled to relief on any of the grounds set forth in his petition, the court denies Larson's petition for a writ of habeas corpus. Because the court has not addressed the merits of all of the claims raised in Larson's petition, the court will dismiss this case without prejudice.

Before dismissing this case, the court is compelled to address the sufficiency of the opposition brief filed by the Attorney General in this case. Simply put, the Attorney General's brief in this case provided little to no guidance for the court in considering Larson's petition. The Attorney General's eight-page brief barely addresses Larson's allegations, never discusses the legal standards for granting habeas relief for violations of the Due Process Clause, and fails to address the issue of procedural default and exhaustion in state court.[3] While the court is often called to construe liberally the pleadings of *pro se* prisoners with no formal legal training, the court does not expect licensed attorneys, especially those representing the people of the State of Wisconsin, to provide the court with no controlling authority on the issues presented. When litigating in federal court, all parties have an obligation to do so. *See generally* Fed.R.Civ.P. 11(b)(2).

Accordingly,

**IT IS ORDERED** that Larson's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

---

[3] The court does recognize that it made a preliminary finding that Larson had exhausted his state court remedies when initially reviewing Larson's petition. At the time of the court's initial review, however, it did not have the benefit of a developed record in the case.

**IT IS FURTHER ORDERED** that Larson's motion to appoint counsel (Docket #18) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Larson's motion to compel the viewing of the movie *12 Angry Men* (Docket #37) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Larson's petition for a writ of habeas corpus and related motions to vacate and issue all writs (Docket ##'s 1, 3, 4) be and the same are hereby **DENIED** without prejudice, and this case is hereby **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge